**Jana Alycia LACY–CURRY,**
Plaintiff—Appellant,

v.

**ALAMEDA COUNTY SOCIAL SERVICES AGENCY; Alameda County Superior Court; Lawanda Martin; Reed Seiden, Defendants—Appellees,**

and

**City of Oakland, Defendant.**

No. 06–15173.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2007 *.

Filed Dec. 26, 2007.

William M. Simpich, Oakland, CA, for Plaintiff–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sadhana D. Narayan, The Narayan Law Firm, Burlingame, CA, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, COWEN,** and HAWKINS, Circuit Judges.

MEMORANDUM ***

 All of Lacy–Curry's instant claims relate to a series of state court child dependency proceedings, some of which have concluded and some are still pending. Insofar as state proceedings are ongoing, *Younger* abstention requires dismissal of this action. *See H.C. ex rel. Gordon v. Koppel,* 203 F.3d 610, 613 (9th Cir.2000) (dismissing case under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) where parents sought "wholesale federal intervention into an ongoing state domestic dispute" involving child custody). However, if state court proceedings have concluded, then the *Rooker–Feldman* doctrine precludes our review because Lacy–Curry is clearly a "state-court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced," and she is "inviting district court review and rejection of those judgments." *Exxon–Mobil Corp. v. Saudi Basic Ind. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Lacy–Curry has waived any arguments to the contrary by failing to address these issues on appeal. *Officers for Justice v. Civil Serv. Comm'n,* 979 F.2d 721, 726 (9th Cir.1992).

**AFFIRMED.**

---

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

