**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SAN JOSE SILICON VALLEY
CHAMBER OF COMMERCE POLITICAL
ACTION COMMITTEE, an
unincorporated association;
COMPAC ISSUED FUND, Sponsored
by the San Jose Silicon Valley
Chamber of Commerce, an
unincorporated association,
              *Plaintiffs-Appellees,*

      v.

THE CITY OF SAN JOSE; SAN JOSE
ELECTIONS COMMISSION,
              *Defendants-Appellants.*

No. 06-17001

D.C. No.
CV-06-04252-JW

OPINION

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted
June 12, 2008—San Francisco, California

Filed October 14, 2008

Before: J. Clifford Wallace and Susan P. Graber,
Circuit Judges, and George P. Schiavelli,* District Judge.

Opinion by Judge Graber

---

*The Honorable George P. Schiavelli, United States District Judge for
the Central District of California, sitting by designation.

14467

**COUNSEL**

George Rios, Assistant City Attorney, and Lisa Herrick, Senior Deputy City Attorney, San Jose, California, for the defendants-appellants.

James R. Sutton and Gabe Camarillo, The Sutton Law Firm, San Francisco, California, for the plaintiffs-appellees.

Jonathan Givner, Deputy City Attorney, San Francisco, California; Sean P. Trende, Hunton & Williams LLP, Richmond, Virginia; Daniel R. Ortiz, University of Virginia Law School, Charlottesville, Virginia; and Deborah B. Caplan, Olson Hagel & Fishburn LLP, Sacramento, California, for amici curiae.

**OPINION**

GRABER, Circuit Judge:

Defendant City of San Jose enacted a campaign finance reform measure, including San Jose Municipal Code section 12.06.310, that requires political organizations to collect no more than $250 per person for campaigning in certain local elections. Plaintiffs San Jose Silicon Valley Chamber of Commerce Political Action Committee and COMPAC Issues Fund, which are local political organizations, collected more than $250 per person and actively campaigned in a qualifying local election. Defendant San Jose Elections Commission, the

local governmental entity established by the City to enforce its campaign finance laws, investigated Plaintiffs' activities and concluded that Plaintiffs had violated section 12.06.310. The Commission decided to issue a public reprimand and to assess a fine against Plaintiffs.

After the Commission issued a public reprimand, but before it could assess the fine, Plaintiffs filed this 42 U.S.C. § 1983 action in federal district court. The district court denied Defendants' motion for judgment on the pleadings, which asked the court to abstain under *Younger v. Harris*, 401 U.S. 37 (1971). The court held that the contributions limit was unconstitutional and granted declaratory and injunctive relief to Plaintiffs. We hold that the district court was required to abstain under *Younger*. We therefore vacate the judgment and remand with instructions to dismiss this action.

## FACTUAL AND PROCEDURAL HISTORY

Voters in the city of San Jose, California, passed an amendment to the City Charter that required the mayor and city council to adopt limitations on campaign contributions for certain elected city positions. Pursuant to that directive, the city council enacted, among other laws, San Jose Municipal Code section 12.06.310:

> **Contribution limitations to independent committees.**
>
> A. No person shall make nor shall any person accept any contribution to or on behalf of an independent committee expending funds or making contributions in aid of and/or opposition to the nomination or election of a candidate for city council or mayor which will cause the total amount contributed by such person to such independent committee to exceed two hundred fifty dollars per election.

B.    Independent committees contributing to election campaigns in addition to city of San José council or mayoral campaigns shall segregate contributions received and contributions or expenditures made for the purpose of influencing such San José elections from all other contributions or expenditures. Where an independent committee has segregated such contributions and expenditures for such city elections, contributors to that committee may contribute more than two hundred fifty dollars so long as no portion of the contribution in excess of two hundred fifty dollars is used to influence San José council or mayoral elections.

C.    This section is not intended to prohibit or regulate contributions to independent committees to the extent such contributions are used on behalf of or in opposition to candidates for offices other than mayoral or council offices of the city of San José.

Beginning on May 16, 2006, Plaintiffs mailed informational flyers and placed automated telephone calls to voters in San Jose. The flyers and telephone messages referred to a specific candidate for mayor in the upcoming June 6, 2006, primary election.

In response to a citizen complaint filed on May 17, 2006, the Commission began an investigation into whether the flyers and telephone messages violated the contribution limits in San Jose Municipal Code section 12.06.310.[1] An independent evaluator conducted an investigation and presented its written report to the Commission ("Commission Report"). On May 31, 2006, the Commission adopted the Commission Report

---

[1]The Commission also investigated whether Plaintiffs' activities violated a separate limitation on independent expenditures. The Commission ultimately concluded that there was no expenditure violation. That finding does not factor into this appeal.

and concluded that Plaintiffs had violated the contribution limits in section 12.06.310.

The Commission decided to assess two penalties at a future date: a statement of public reprimand and a fine to be calculated based on the amount of contributions Plaintiffs received in excess of the contributions limit. On June 21, 2006, the Commission issued a statement of public reprimand. To date, the Commission has not assessed the fine against Plaintiffs, because it has been unable to calculate the amount of the fine. The Commission asserts that Plaintiffs have refused to provide the necessary financial information.

On July 11, 2006, Plaintiffs filed a complaint in federal district court, alleging that Defendants' actions violated 42 U.S.C. § 1983. Plaintiffs bring both a facial challenge and an as-applied challenge to San Jose Municipal Code section 12.06.310. Plaintiffs claim that, on its face, the ordinance is unconstitutionally vague and overbroad, in violation of the Fourteenth Amendment, and that it impermissibly restricts Plaintiffs' right to free speech, in violation of the First and Fourteenth Amendments. Plaintiffs also assert that, as applied to their 2006 mailers and telephone messages, the Commission's decision and section 12.06.310 violate the First and Fourteenth Amendments.

The complaint concludes with the following prayers for relief:

> 1. For declaratory judgment of this Court, declaring SJMC [San Jose Municipal Code] section 12.06.310 unconstitutionally vague and overbroad, and therefore invalid, as set forth above;
>
> 2. For declaratory judgment of this Court, declaring SJMC section 12.06.310 is unconstitutional and invalid under the First and Fourteenth Amendments to the United States Constitution, as set forth above;

3. For declaratory judgment of this Court, declaring the Commission Report, as a state action by the Commission, unconstitutional and invalid under the First and Fourteenth Amendments, as set forth above;

4. For temporary, preliminary and permanent injunctive relief enjoining Defendants from enforcing SJMC section 12.06.310 against COMPAC or any others similarly situated, as set forth above;

5. For temporary, preliminary and permanent injunctive relief enjoining Defendants from enforcing SJMC section 12.06.310, as construed in the Commission Report, against COMPAC or any others similarly situated, as set forth above;

6. [Costs and attorney fees, as allowed by statute]; and

7. The Court grant such other relief as may be proper.

In the body of the complaint, Plaintiffs requested two specific forms of relief:

COMPAC is also entitled to the declaratory judgment of this Court ordering Defendants to rescind the formal reprimand of COMPAC issued on June 21, 2006 for COMPAC's alleged violation of section 12.06.310.

COMPAC is entitled to injunctive relief against Defendants enjoining them from enforcing SJMC section 12.06.310 against COMPAC as construed by the Commission Report, including but not limited to enjoining Defendants from levying any civil penalty

or future administrative sanction against COMPAC for alleged violations of SJMC section 12.06.310.

(Paragraph number headings omitted.)

Defendants moved for judgment on the pleadings arguing, among other things, that the district court was required to abstain under *Younger*. Both parties filed motions for summary judgment. The district court denied Defendants' motion for judgment on the pleadings, denied Defendants' motion for summary judgment, and granted Plaintiffs' motion for summary judgment. The district court held that the proper remedy was for the court "to invalidate the statute and enjoin its enforcement."

The district court's judgment included declaratory and injunctive relief:

> 1. The Court declares that San Jose Municipal Code Section 12.06.310 violates the First and Fourteenth Amendments to the United States Constitution.

> 2. Defendants are permanently enjoined from enforcing San Jose Municipal Code Section 12.06.310 against Plaintiffs.

Defendants timely appeal.

## DISCUSSION

[1] *Younger* abstention[2] is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism. *See Steffel v. Thompson*, 415 U.S. 452, 460-73 (1974) (explaining the history and purposes of the doctrine); *Youn-*

---

[2]We review de novo whether *Younger* abstention applies. *Gilbertson v. Albright*, 381 F.3d 965, 982 n.19 (9th Cir. 2004) (en banc).

ger, 401 U.S. at 43-49 (discussing the jurisprudential background of abstention); *Gilbertson v. Albright*, 381 F.3d 965, 970-75 (9th Cir. 2004) (en banc) (tracing the Supreme Court's application of the doctrine). We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *Gilbertson*, 381 F.3d at 978; *AmerisourceBergen Corp. v. Roden* ("*ABC*"), 495 F.3d 1143, 1149 (9th Cir. 2007); *see also Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir. 2001) (en banc) ("[I]n addressing *Younger* abstention issues, district courts must exercise jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise."), *overruled in other part by Gilbertson*, 381 F.3d 965. An exception to that general rule exists if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). Although *Younger* itself involved potential interference with a state criminal case, the Supreme Court has extended the doctrine to federal cases that would interfere with state civil cases and state administrative proceedings. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627 (1986). "As virtually all cases discussing [*Younger* abstention] emphasize, the limited circumstances in which abstention by federal courts is appropriate remain the exception rather than the rule." *ABC*, 495 F.3d at 1148 (internal quotation marks and ellipsis omitted).

## A. *Ongoing State Proceeding*

**[2]** The state-initiated proceeding in this case—the Elections Commission's investigation of Plaintiffs' activities—is

ongoing. After concluding that Plaintiffs had violated San Jose Municipal Code section 12.06.310, the Commission decided to impose two sanctions: a public reprimand and a fine. A month later, it issued the public reprimand. But, apparently because Plaintiffs have failed to provide the necessary financial information, the Commission has not yet assessed any fine.

Plaintiffs argue that, because the Commission has decided that a violation occurred, the proceeding is no longer ongoing. We disagree. The transcript of the Commission's hearing makes clear that the proceeding has not concluded:

> MR. MERTENS: . . . So my understanding is that we've covered the finding of a violation, and we've also covered *the action we're going to take, which is going to be imposing a penalty*, as well as issuing a public reprimand. And the — *we will determine at a future date* the number of violations and *the penalty that will be imposed by the Commission*.

> MR. SATO: Mr. Chair, clarification. Are you also directing the Commission's evaluator to proceed with an investigation as to the number of potential violations?

> MR. MERTENS: If that is the recommended course of action.

[Commission then moves for a vote, and votes in favor of that course of action.]

(Emphases added.)

[3] The status of the Commission's proceeding is analogous to the status of a civil case in which the district court has resolved liability but has not finalized relief. *See Riley v. Kennedy*, 128 S. Ct. 1970, 1981 (2008) ("We have long held that

an order resolving liability without addressing a plaintiff's requests for relief is not final."). The procedure here is also analogous to a criminal case in which the trier of fact has determined guilt, but the court has not imposed a sentence. In that circumstance, no final judgment has been entered, and the proceeding is plainly ongoing.[3] *See Corey v. United States*, 375 U.S. 169, 174 (1963) ("Final judgment in a criminal case . . . means sentence. The sentence is the judgment." (internal quotation marks omitted)). There is no principled distinction between finality of judgments for purposes of appellate review and finality of state-initiated proceedings for purposes of *Younger* abstention. We therefore hold that the administrative proceeding is "ongoing" for purposes of *Younger* abstention.

At oral argument, Plaintiffs' lawyer observed that a state administrative agency could intentionally delay completion of a proceeding so as to thwart state-court and federal-court review. As we have noted, an exception to *Younger* abstention applies upon a "showing of bad faith, harassment, or some other extraordinary circumstance." *Middlesex*, 457 U.S. at 435. Plaintiffs' hypothetical example would fall under that exception but, here, Plaintiffs have not argued that Defendants have acted in bad faith and the record does not support such a finding. Indeed, it appears that any delay has been caused by *Plaintiffs*, first by refusing to provide the necessary financial information and then by filing this federal action, only six weeks after the Elections Commission's decision to impose a fine.

We pause to note an important legal issue that we need not and do not reach. Under California law, an aggrieved party may challenge a final administrative action in state court by petitioning for a writ of mandate. Cal. Civ. Proc. Code § 1094.5. If a state administrative proceeding is final, and

---

[3]This analogy is particularly apt where, as in many criminal cases (typically misdemeanors), the only sentence imposed is a fine.

state-court judicial review is available but has not been invoked, is the state proceeding nevertheless "ongoing" for purposes of *Younger* abstention? In other words, must federal courts view the administrative proceeding and the possibility for state-court review as one unitary proceeding? The Supreme Court has stated that this is an open question. *New Orleans Pub. Serv., Inc. v. Council of New Orleans* ("*NOPSI*"), 491 U.S. 350, 370 n.4 (1989); *see also id.* at 374 (Rehnquist, C.J., concurring in the judgment) (stating that he would hold that the proceedings are unitary); *id.* at 374-75 (Blackmun, J., concurring in the judgment) (stating that he is "not entirely persuaded" that the question is open).

Seven circuits have addressed this question. Four have held that the administrative proceeding and the possibility for state court review are to be viewed as one unitary proceeding, and three have held the opposite. *Compare Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 35 (1st Cir. 2004) ("*Younger* now has to be read as treating the state process [the administrative proceeding and the possibility for state-court review] . . . as a continuum from start to finish."), *Majors v. Engelbrecht*, 149 F.3d 709, 713 (7th Cir. 1998) (holding that the state proceeding is ongoing, even assuming that the administrative proceeding is final and state-court review had not begun), *O'Neill v. City of Philadelphia*, 32 F.3d 785, 790-91 (3d Cir. 1994) (joining the majority rule and observing that "[w]e have been given no reason why a litigant in a state administrative proceeding should be permitted to forego state-court judicial review of the agency's decision in order to apply for relief in federal court"), *and Alleghany Corp. v. Pomeroy*, 898 F.2d 1314, 1316-17 (8th Cir. 1990) (noting that the Supreme Court left the question open and deciding that the proceedings are unitary), *with Norfolk & W. Ry. Co. v. Pub. Utils. Comm'n*, 926 F.2d 567, 572 (6th Cir. 1991) (agreeing that "a state administrative enforcement proceeding is no longer pending when the agency proceeding has been completed, notwithstanding the availability of state appellate review"), *CECOS Int'l, Inc. v. Jorling*, 895 F.2d 66, 72 (2d

Cir. 1990) (holding that an aggrieved party may choose between petitioning the state court for review and filing a federal § 1983 claim), *and Thomas v. Tex. State Bd. of Med. Exam'rs*, 807 F.2d 453, 456 (5th Cir. 1987) ("The mere availability of state judicial review of state administrative proceedings does not amount to the pendency of state judicial proceedings within the meaning of *Huffman[ v. Pursue, Ltd.*, 420 U.S. 592 (1975)].").

Although we briefly joined the majority rule in 1993, that opinion was withdrawn, and we have not addressed the question since then. *See Nev. Entm't Indus., Inc. v. City of Henderson*, 8 F.3d 1348 (9th Cir. 1993) (per curiam) (joining majority rule), *withdrawn by* 21 F.3d 895 (9th Cir.), *on reh'g* 26 F.3d 131 (9th Cir. 1994) (unpublished disposition) (holding that the *Younger* abstention question was moot); *see also Kleenwell Biohazard Waste & Gen. Ecology Consultants, Inc. v. Nelson*, 48 F.3d 391, 393-94 (9th Cir. 1995) (noting that the question is open in this circuit, but declining to reach it). Because, here, *the administrative proceeding itself is ongoing*, we do not reach the issue.

B.   *Important State Interest*

*Younger* abstention is required only if the state proceeding "implicates important state interests." *Gilbertson*, 381 F.3d at 978. "The importance of the interest is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual's case." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003). For example, we have held that a state's interest in "[p]reserving the integrity of [horse] racing is a significant interest." *Id.*; *see also Middlesex*, 457 U.S. at 434-35 (holding that a state's interest in regulating the ethical standards of lawyers is an important state interest). The state's interest here —regulating its local elections—is likewise an important state interest.

**[4]** "Whether the state proceedings are 'judicial in nature' . . . also plays a role in assessing the significance of the state interest." *Baffert*, 332 F.3d at 618. "[J]udicial proceedings or disciplinary proceedings which are judicial in nature are the type of proceeding that does implicate an important state interest. However, a state proceeding which is nonjudicial or involves the interpretation of completed legislative or executive action is not of that character." *Gilbertson*, 381 F.3d at 977 (citations omitted). The Elections Commission's proceeding involved the investigation of the facts of Plaintiffs' mailing and telephoning campaign and the application of the law to those facts—a proceeding plainly "judicial in nature." *See NOPSI*, 491 U.S. at 369-73 (discussing the hallmarks of a proceeding that is "judicial in nature"); *Middlesex*, 457 U.S. at 432-34 (same).

Plaintiffs do not argue that regulation of local elections generally is not an important state interest. Nor do they argue that the Elections Commission's proceeding was not judicial in nature. Instead, they focus on the city council's enactment of San Jose Municipal Code section 12.06.310. Plaintiffs insist that, because they bring only a facial challenge to the constitutionality of section 12.06.310, do not challenge the Commission's proceeding, and seek only prospective relief, *Younger* abstention does not apply.

Plaintiffs' contentions are inaccurate. As the quoted portions of their complaint make clear, Plaintiffs bring both a facial challenge and an as-applied challenge; they do challenge the Commission's proceeding; and they do seek retrospective relief. And, critically, the relief that Plaintiffs request is inextricably intertwined with the Elections Commission's proceeding: Plaintiffs requested (and the district court ruled) that Defendants be enjoined from enforcing section 12.06.310 against them, i.e., that the Elections Commission be enjoined from collecting the fine that it decided to impose (in an amount yet to be determined).

Finally, Plaintiffs argue that *Younger* abstention applies only to cases in which a plaintiff challenges the *procedures* of the state proceeding, which Plaintiffs do not challenge here. Although some of the cases applying *Younger* abstention involve challenges to the underlying procedures employed by the agency or court, *e.g.*, *Middlesex*, many involve constitutional challenges to a state's *statute*. In fact, *Younger* itself was such a case. *See Younger*, 401 U.S. at 40 (noting that the case presented the question "whether the State's law is constitutional on its face"); *see also Huffman*, 420 U.S. at 598-99, 610 (applying *Younger* abstention to a constitutional challenge to a state's statute).

## C.  *Opportunity to Litigate Federal Constitutional Issues*

**[5]** In order for *Younger* abstention to apply, Plaintiffs must have had an opportunity to litigate their federal constitutional challenges to the San Jose Municipal Code. Plaintiffs correctly observe that the Elections Commission did not consider, and likely could not have considered, federal constitutional questions. But that observation does not resolve the inquiry. Under California law, Plaintiffs can petition for a writ of mandate to challenge the administrative action in state court, Cal. Civ. Proc. Code § 1094.5. That procedure suffices for purposes of *Younger* abstention. *See Kenneally v. Lungren*, 967 F.2d 329, 332-33 (9th Cir. 1992) (examining the California writ of mandate procedure and holding that "[t]his statutory framework provides a meaningful opportunity for [the federal plaintiff] to present his constitutional claims for independent judicial review prior to the Board's decision becoming effective"); *see also Baffert*, 332 F.3d at 620 (applying *Kenneally*).

## D.  *Interference*

**[6]** The final *Younger* requirement is that the federal suit would "interfere" with the ongoing state proceeding (i.e., enjoin or have the practical effect of enjoining the proceed-

ing). *Gilbertson*, 381 F.3d at 978. Plaintiffs sought, and the district court granted, a permanent injunction against Defendants to preclude them from enforcing the statute. That injunction consequently prohibits the Elections Commission from imposing the fine against Plaintiffs. The relief sought therefore would "interfere" with the Elections Commission's proceeding, because it would "enjoin . . . or otherwise involve the federal courts in terminating or truncating" the Elections Commission's proceeding. *Green*, 255 F.3d at 1098.[4]

## CONCLUSION

**[7]** The Elections Commission's proceeding is an "ongoing" "state-initiated proceeding" that "implicates important state interests"; Plaintiffs are "not barred from litigating federal constitutional issues"; and the "federal court action . . . would enjoin the [state] proceeding." *Gilbertson*, 381 F.3d at 978. Because there has been no showing of bad faith, harassment, or an extraordinary circumstance, we must abstain. We therefore do not reach the merits of Plaintiffs' constitutional challenges to San Jose Municipal Code section 12.06.310, and the district court should not have done so.

---

[4]In *Green*, sitting en banc, we held that there must be "direct interference" with the state proceeding. 255 F.3d at 1100. That holding is no longer good law. Sitting en banc again, we held that the interference need not be direct. *Gilbertson*, 381 F.3d at 978. *See ABC*, 495 F.3d at 1149 n.9 ("*Gilbertson* did overrule *Green*'s holding that ' "*direct* interference" is a threshold requirement . . . of *Younger* abstention,' but it left intact the more general requirement that *some* interference with state court proceedings is a necessary . . . element of the *Younger* doctrine." (citation omitted) (first ellipsis in original)). *Gilbertson* expanded the interference requirement to cases in which the relief sought (such as money damages against the individuals on an administrative board) "would have the same practical effect on the state proceeding as a formal injunction." 381 F.3d at 977-78. We need not examine the intricacies of the interference requirement because, here, the federal court action would "interfere" with the state proceedings even under *Green*'s restricted test.

We agree with Plaintiffs, of course, that political speech is vitally important. But the Supreme Court has never suggested that the importance of the interest asserted by a federal plaintiff affects the analysis of the *Younger* factors. Indeed, it would be hard to assert that the right to speech is more important than the liberty interest of the criminal defendant in *Younger* itself, where the Court held that federal courts were required to abstain.

Judgment VACATED. REMANDED with instructions to dismiss the case. Costs on appeal are awarded to Defendants.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.