FILED

MAY 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PHILIP E. KAY; et al.,

           Plaintiffs - Appellants,

  v.

STATE BAR OF CALIFORNIA, a public
corporation; et al.,

           Defendants - Appellees.

No. 09-16300

D.C. No. 3:09-cv-01135-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted May 14, 2010[**]
San Francisco, California

Before: SILVERMAN, FISHER, and M. SMITH, Circuit Judges.

      Plaintiff-Appellant Philip Kay is a California lawyer facing charges in the

State Bar Court for numerous counts of professional misconduct. Kay, along with

his clients Lindsay Marcisz, Blair Pollastrini, and Jessica Pollastrini, filed suit in

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

federal court seeking an injunction against the State Bar Court proceedings. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court properly abstained from exercising its jurisdiction under the principles of *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiffs seek to enjoin an ongoing state bar proceeding that "implicate[s] important state interests," *Canatella v. California*, 404 F.3d 1106, 1110 (9th Cir. 2005), and they can raise their federal constitutional claims in the California Supreme Court, *Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995) (per curiam).

Plaintiffs have failed to demonstrate that this case falls within the exception to *Younger* for instances of "bad faith, harassment, or some other extraordinary circumstance." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (internal citations and quotation marks omitted). Although Plaintiffs present a litany of purported examples of the State Bar's bias, the record shows that each of these claims is exaggerated, taken out of context, or otherwise without merit. Plaintiffs have also failed to show that the prosecution was brought "without a reasonable expectation

of obtaining a valid conviction," *Kugler v. Helfant*, 421 U.S. 117, 124 n.6 (1975), or to discourage the exercise of protected rights, *Cameron v. Johnson*, 390 U.S. 611, 619 (1968). To the contrary, the State Bar Court Notice of Disciplinary Charges spans 129 pages and describes in great detail many alleged instances of professional misconduct.

**AFFIRMED.**