FILED

SEP 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN H. BRADBURY, | No. 09-36028 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00352-BLW |
| v. | |
| DANIEL T. EISMANN, Chief Justice; ROGER S. BURDICK, Justice; JIM JONES, Justice; WARREN E. JONES, Justice; WAYNE L. KIDWELL, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted September 2, 2010
Seattle, Washington

Before: HAWKINS, McKEOWN and BEA, Circuit Judges.

Idaho state court judge John Bradbury appeals the dismissal by the district

court of his 28 U.S.C. § 1983 complaint on Younger v. Harris abstention grounds.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

See 401 U.S. 37 (1971). We review de novo whether abstention was required under the Younger doctrine. Green v. City of Tucson, 255 F.3d 1086, 1093 (9th Cir. 2001) (en banc), overruled in part on other grounds by Gilbertson v. Albright, 381 F.3d 965, 976-78 (9th Cir. 2004). We affirm. As the parties are familiar with the facts, we will not repeat them here.

Bradbury does not contest that his circumstances meet three of the four criteria we recognize as requiring abstention under the Younger doctrine. See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008), citing Gilbertson, 381 F.3d at 978. He agrees that there was an ongoing Idaho state court proceeding at the time he filed his § 1983 suit and that the proceeding implicated important Idaho state interests. See id. To the extent Bradbury contends that whether a state proceeding is ongoing should be based on a date other than the date the federal action was filed, his argument is without support. See Gilbertson, 381 F.3d at 969 n.4; see also Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987). Bradbury does not dispute that his § 1983 action would enjoin the Idaho state court proceeding or interfere with it in a way that is disapproved under the Younger doctrine. See id.

Bradbury summarily asserts that the Younger doctrine does not apply because the final Younger criterion is not satisfied. This prong of the test,

however, requires only that "the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding." Id.; see also Canatella v. California, 404 F.3d 1106, 1111 (9th Cir. 2005). Indeed, his counsel acknowledged this point during oral argument. Bradbury has not identified a bar in Idaho state law to litigating federal constitutional issues in Idaho state court; the record shows that he presented fully-developed constitutional claims to the Idaho Supreme Court, which considered and decided their merits.

Bradbury also claims that "extraordinary circumstances" exist that create an exception to the Younger abstention requirement. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982). He has articulated no such circumstances here. Nothing about his claims rises to this level.

As we affirm dismissal on the same basis relied on by the district court, we do not reach the alternate grounds raised by the Idaho Justices of mootness or preclusion.

AFFIRMED.