**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD EDWARD SMITH,

 Petitioner - Appellant,

 v.

CHARLES PLUMMER, Sheriff,

 Respondent - Appellee.

No. 10-16286

D.C. No. 3:06-cv-01637-MMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted October 11, 2011
San Francisco, California

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

 Petitioner Ronald Edward Smith appeals from the district court's denial of

his 28 U.S.C. § 2241 petition for writ of habeas corpus. The district court

determined that it must abstain from exercising jurisdiction under *Younger v.*

*Harris*, 401 U.S. 37 (1971). In the alternative, the district court also denied

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Smith's *Santobello v. New York*, 404 U.S. 257 (1971), claim on the merits. Because the district court correctly decided the *Younger* abstention issue, we decline to reach the merits of Smith's *Santobello* claim.

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). Though *Younger* involved a federal plaintiff's attempt to enjoin a state criminal prosecution, the *Younger* doctrine also extends to state civil judicial proceedings if the following four factors are met: (1) there is an ongoing state-initiated judicial proceeding; (2) the proceeding implicates important state interests; (3) the federal litigant is not barred from litigating federal constitutional issues in the state proceeding; and (4) federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere in a way that *Younger* disapproves. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc).

There is an ongoing state-initiated civil commitment proceeding pending against Smith. The proceeding, brought pursuant to California's Sexually Violent Predators Act (SVPA), implicates the important state interests of protecting the public from sexually violent offenders and providing such offenders with mental

2

health treatment.  If a federal court were to grant the relief Smith seeks, the action would have the effect of enjoining the state SVPA proceedings.

Smith argues the state court proceedings no longer offer him an adequate opportunity to litigate his federal *Santobello* claim.  Smith has had the opportunity to raise his federal constitutional claim in the state proceedings and indeed has done so through every level of the California judicial system.  Smith has not shown that "state procedural law barred presentation of [his] claims," *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987), or that "extraordinary circumstances" rendered the California courts "incapable of fairly and fully adjudicating" his federal constitutional issues, *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).  Smith "obviously disagrees vigorously with the result that he has achieved thus far in California.  However, his lack of success does not render the forum inadequate." *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003).

A federal court may equitably intervene in an ongoing state judicial proceeding if "there is a showing of 'bad faith' or 'harassment' by state officials responsible for the prosecution" or "where there exist other 'extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment.'"  *Kugler*, 421 U.S. at 124 (internal citations omitted).  Smith argues that he is suffering irreparable

3

injury "just by being forced to 'run the gauntlet'" of the SVPA proceeding pending against him, but *Younger* makes clear that any injury suffered by a petitioner as a result of being forced to defend himself against a state prosecution brought in good faith does not rise to the level of "irreparable injury," even where the petitioner alleges the prosecution is unlawful. *Younger*, 401 U.S. at 46 ("No citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts. The imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity . . . ." (internal quotation omitted).

Because the district court correctly determined that it must abstain from exercising jurisdiction over Smith's § 2241 petition, we decline to address the merits of Smith's constitutional claim.

**AFFIRMED**.