**NOT FOR PUBLICATION**

SEP 20 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| STANLEY BERMAN, | No. 11-17470 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00635-MCE-KJN |
| v. | |
| JULIE A. McMANUS; et al., | MEMORANDUM* |
| Defendants - Appellees, | |
| and | |
| MARY HENZIE, | |
| Defendant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted September 10, 2012**

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Stanley Berman, an attorney, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations arising from state divorce and child custody proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Ta Chong Bank Ltd. v. Hitachi High Techs. Am. Inc.*, 610 F.3d 1063, 1066 (9th Cir. 2010) (12(b)(6) dismissal). We affirm.

The district court properly determined that abstention under *Younger v. Harris*, 401 U.S. 37 (1971), was appropriate as to the claims against Judge McManus. *See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (discussing *Younger* factors); *Gilbertson v. Albright*, 381 F.3d 965, 977-80 (9th Cir. 2004) (en banc) (*Younger* applies to declaratory judgments and damages actions).

The district court properly dismissed the claims against defendants Scott and Shellar based on qualified immunity because, assuming that Berman had a constitutional right to know the identity of the therapist providing treatment to his minor children, Berman did not prove that the right was clearly established. *See James v. Rowlands*, 606 F.3d 646, 648 (9th Cir. 2010) (child protection services officials entitled to qualified immunity where parent's right to information was not "clearly established" at the time of the alleged violation); *Robinson v. York*, 566

2

F.3d 817, 826 (9th Cir. 2009) (burden is on plaintiff to prove that rights was "clearly established" at the time of the alleged violation).

The district court properly dismissed the § 1983 claims against defendant Renée because she was not acting under color of state law. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092-96 (9th Cir. 2003) (private individual appointed by court to represent minor in state court juvenile delinquency proceeding does not act under color of state law). The district court properly dismissed the state law claims against Renée based on California's litigation privilege. *See* Cal. Civ. Code § 47(b); *Action Apartment Ass'n v. City of Santa Monica*, 163 P.3d 89, 95-98 (Cal. 2007) (discussing privilege and noting its application to claims of intentional and negligent infliction of emotional distress, fraud, and slander); *Kashian v. Harriman*, 120 Cal. Rptr. 2d 576, 592 (Ct. App. 2002) (privilege applies "regardless whether the communication was made with malice or the intent to harm" and "does not depend on the publisher's 'motives, morals, ethics, or intent'" (citation omited)).

Berman's contention that the district court did not give him adequate time to make his arguments at the hearing on the motion to dismiss is belied by the record.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009)

(per curiam).

**AFFIRMED.**