**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THEODORE C. SHOVE, | No. 12-16148 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-03707-RMW |
| v. | |
| M. MARTEL, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

California state prisoner Theodore C. Shove appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action under *Younger v. Harris*,

401 U.S. 37 (1971).  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo a dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and whether *Younger* abstention is applicable, *Gilbertson v. Albright*, 384 F.3d 965, 982 n.19 (9th Cir. 2004)(en banc).  We affirm.

The district court properly determined that abstention under *Younger* was appropriate because Shove's state habeas corpus proceeding, still pending before the California Supreme Court, raises similar issues as presented in his federal complaint, implicates important state interests, and provides an adequate opportunity to litigate his federal claims.  *See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (discussing *Younger* factors).

The district court judge's recusal was not required because Shove has not demonstrated that the judge's impartiality might be reasonably questioned or that the judge had a plausible personal bias or prejudice.  *See* 28 U.S.C. § 455; *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *United States v. Johnson*, 610 F.3d 1138, 1148 (9th Cir. 2010) (the fact that a district judge presided over the litigant's prior civil case was not a basis for recusal in a later proceeding).

**AFFIRMED**.

12-16148