**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

KIRK R. ERICHSEN, an individual; et al.,

Plaintiffs-Appellants,

v.

COUNTY OF ORANGE; et al.,

Defendants-Appellees.

No.  16-55763

D.C. No.
2:14-cv-02357-JAK-SS

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted February 14, 2017[**]
Pasadena, California

Before:  D.W. NELSON, TALLMAN, and N.R. SMITH, Circuit Judges.

Appellants challenge the district court's denial of their ex parte application

for a temporary restraining order ("TRO") in which they sought to (1) enjoin state

court child dependency proceedings and the enforcement of related protective

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

custody and arrest warrants, and (2) stay all discovery in federal court. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we AFFIRM.

First, we note that the district court properly determined Appellants failed to meet the threshold requirement for ex parte relief because they did not establish they were "without fault in creating the crisis that requires ex parte relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The district court also correctly concluded that Appellants' requested relief was procedurally improper because Appellants were essentially using their application for a TRO to challenge the magistrate judge's ruling that Kirk and Krystal Erichsen (the "Erichsens") were required to appear for their depositions.

Second, the district court did not err in denying the application for a TRO on the basis of the *Rooker-Feldman* doctrine and *Younger* abstention. There is some question as to whether all of the state court proceedings had concluded when Appellants filed this action in federal court. To the extent that the state court proceedings were ongoing, the district court properly held that *Younger* abstention required denial of the TRO application. *See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). However, to the extent that the state court proceedings had concluded, then the *Rooker-Feldman* doctrine precluded district court review because

Appellants were "state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced," and were "inviting district court review and rejection of those judgments." *Exxon-Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Lacy-Curry v. Alameda Cty. Soc. Servs. Agency*, 262 F. App'x 9, 10 (9th Cir. 2007).

Finally, we decline to exercise pendant jurisdiction over the separate question of whether the district court abused its discretion in ordering the Erichsens to appear in person for their depositions. The district court's denial of the TRO application is not inextricably intertwined with its order regarding the Erichsens' appearance at their depositions. *Melendres v. Arpaio*, 695 F.3d 990, 996 (9th Cir. 2012). Nor does the issue of whether the Erichsens were required to appear at their depositions "call[] into question the district court's *authority to rule*" on the Erichsens' application for a TRO. *Id.* at 996–97 (citation and internal quotation marks omitted).

**AFFIRMED.**