**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STERLING RAY CUNIO,

Plaintiff-Appellant,

v.

KATE BROWN, in her Official Capacity as Governor of the State of Oregon; COLETTE PETERS, in her Official Capacity as Director of the Oregon Department of Corrections; KRISTIN A. WINGES-YANEZ, in her Official Capacity as Chairperson, Oregon Board of Parole and Post-Prison Supervision; jointly and severally,

Defendants-Appellees.

No. 15-35519

D.C. No. 6:14-cv-01647-TC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Argued and Submitted May 10, 2017
Portland, Oregon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BYBEE and HURWITZ, Circuit Judges, and RAKOFF,[**] Senior District Judge.

Cunio appeals the district court's dismissal of his 42 U.S.C. § 1983 claim on *Younger* abstention grounds. We review de novo whether *Younger* abstention applies. *Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir. 2001) (en banc).

*Younger* abstention is only appropriate if "the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). The pending proceeding before the Oregon Court of Appeals does not provide Cunio "an adequate opportunity to raise his federal constitutional claims." *Meredith v. Oregon*, 321 F.3d 807, 818 (9th Cir. 2003). That proceeding only addresses the 48-year minimum sentence imposed by the Oregon Board of Parole and Post-Prison Supervision ("Parole Board") in 2012 for Cunio's homicide offenses. *See* Or. Rev. Stat. § 144.335 (challenging final orders of the Parole Board). Oregon law required Cunio to challenge the 23-year portion of his determinate guidelines sentence for his non-homicide offenses in separate proceedings. *See* Or. Rev. Stat. §§ 138.050 (direct appeal), 138.510–680 (post-conviction relief). None of these proceedings provided Cunio an "adequate"

---

[**] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

2

and "full and fair" opportunity to challenge the combined effect of his sentences as a de facto life sentence without parole, or to challenge the constitutionality of Oregon's bifurcated sentencing scheme for juveniles convicted of homicide and non-homicide crimes in a single judgment. *Meredith*, 321 F.3d at 818–19. The district court therefore should not have abstained.

**REVERSED.**