
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL B. WILLIAMS, | No. 15-17499 |
| Petitioner-Appellant, | D.C. No. 4:14-cv-01831-PJH |
| v. | |
| AUDREY KING, Executive Director, Coalinga State Hospital, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted August 14, 2017
San Francisco, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and WATTERS,[**] District Judge.

Michael Williams appeals the denial of his 28 U.S.C. § 2241 habeas petition.

We affirm the denial of the petition under *Younger* abstention. *See Younger v.*

*Harris*, 401 U.S. 37 (1971).

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Susan P. Watters, United States District Judge for the District of Montana, sitting by designation.

Under *Younger* abstention, a federal court must abstain from ruling in a case if four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Williams only challenges whether the first of these four elements has been satisfied.

The first element is satisfied, because the underlying state case is an ongoing, state-initiated proceeding. The San Francisco District Attorney's office filed a petition to commit Williams under California's Sexually Violent Predator Act ("SVPA"). The state court immediately held a probable cause hearing and, since then, has continued to hold hearings and rule on the motions filed by the parties in the case. "[N]o final judgment has been entered, [so] the proceeding is plainly ongoing." *Id.* at 1093. Moreover, there is no statutory deadline by which the state case must be completed. Thus, although many years have passed since the SVPA petition was first filed, the case is still ongoing for the purposes of *Younger* abstention.

2

Williams also argues that this case is one of the exceptions to the general rule requiring abstention due to the extraordinary circumstances he faces. 546 F.3d at 1092 ("An exception to that general rule exists if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" (citation omitted)). Williams fails to cite any authority to support his contention that the delay in holding his civil commitment trial constitutes extraordinary circumstances for the purposes of *Younger* abstention.[1] Moreover, Williams has contributed substantially to his own circumstances as he has continued to ask for trial continuances, new counsel, and new probable cause hearings in his state case. Not only has he requested these delays, but he has failed to prompt the state court to hold his civil commitment trial. It would violate the principles behind *Younger* abstention to grant Williams's requested relief—release from state custody, without ever having a civil commitment trial—after he created the alleged "extraordinary circumstances" he now faces.

**AFFIRMED.**

---

[1] Williams cites cases in which the Supreme Court has described long delays in prosecuting criminal defendants as "extraordinary." These cases are not relevant as (1) *Younger* abstention was not at issue in any of them and (2) they implicated the Sixth Amendment right to a speedy criminal trial, which is not at issue here.