NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCUS & MILLICHAP REAL ESTATE
INVESTMENT SERVICES OF NEVADA,
INC.; et al.,

          Plaintiffs-Appellants,

  v.

SHARATH CHANDRA, in his official
capacity as Administrator of the Real Estate
Division, Department of Business &
Industry, State of Nevada,; et al.,

          Defendants-Appellees.

No.   19-16446

D.C. No.
2:16-cv-01299-RFB-GWF

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted June 3, 2020
Seattle, Washington

Before:  GOULD, BEA, and MURGUIA, Circuit Judges.

Marcus & Millichap Real Estate Investment Services of Nevada, Inc. and

Marcus & Millichap Real Estate Investment Services, Inc. (together, "M&M"), as

well as individual real estate brokers affiliated with M&M (the "Individual

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Plaintiffs"), (collectively, "Plaintiffs") appeal the district court's order granting summary judgement in favor of the Administrator of the Nevada Real Estate Division and individual Commissioners of the Nevada Real Estate Commission (collectively, "State Defendants" or "Nevada"). We have jurisdiction under 28 U.S.C. § 1291, and we reverse, vacate, and remand with instructions to dismiss.

Because the parties are familiar with the facts, we recite them briefly and only as necessary to resolve the issues on appeal. Nevada initiated disciplinary proceedings against the Individual Plaintiffs for conducting or assisting others in conducting real estate business in the State without the required real estate license or certificate. Plaintiffs in turn sued the State Defendants under 42 U.S.C. § 1983, alleging that certain Nevada statutes and regulations governing real estate licenses and cooperative certificates violate the Dormant Commerce Clause of the United States Constitution. Plaintiffs sought declaratory and injunctive relief, including a request that the district court enjoin the state disciplinary proceedings and their resulting penalties.

At various stages of this litigation, Nevada argued that the district court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. Ultimately, the district court did not abstain and it granted summary judgment in favor of Nevada, concluding that: (1) the Individual Plaintiffs have standing to challenge section 645.185(11) of the Nevada Administrative Code; (2) none of the

Plaintiffs have standing to challenge section 645.550 of the Nevada Revised Statutes; and (3) section 645.185(11) of the Nevada Administrative Code does not violate the Dormant Commerce Clause. Plaintiffs timely appealed.

On appeal, Nevada noted in its briefing that the disciplinary proceedings were pending before the state court on a petition for judicial review. We therefore instructed the parties to address the applicability of *Younger* abstention during oral argument. Following argument, we then ordered supplemental briefing on whether *Younger* abstention is merited in this case. At oral argument and in their supplemental briefing, the parties took opposing positions regarding abstention, with Nevada arguing that the elements of *Younger* abstention are met.

Under *Younger*, federal courts "must abstain in deference to state civil enforcement proceedings that: '(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 727–28 (9th Cir. 2017) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)). "We review de novo a district court's determination as to whether *Younger* abstention is warranted," *Vasquez v. Rackauckas*, 734 F.3d 1025, 1035 (9th Cir. 2013), and may raise the issue of *Younger* abstention sua sponte on appeal, *see Citizens for Free Speech,*

3

*LLC v. Cnty. of Alameda*, 953 F.3d 655, 658 (9th Cir. 2020) ("[T]he court may raise abstention of its own accord at any stage of the litigation." (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976))); *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) ("The *Younger* doctrine may be raised sua sponte at any time in the appellate process." (citing *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000)))).

Here, Plaintiffs do not dispute that the third and fourth elements of *Younger* abstention—that an important state interest is implicated and that Plaintiffs may raise the federal claim in the state proceeding—are met. Indeed, the state proceedings implicate Nevada's important interest in the regulation of real estate brokers in the State, and Plaintiffs are able to raise, and in fact have already raised, the exact same constitutional claim at issue here in those state proceedings.

Nevada has also met the two remaining elements of *Younger*. First, the state proceedings—which implicate disciplinary investigations, formal complaints, notices to appear for a hearing, and the imposition of hefty monetary fines—are quasi-criminal enforcement actions. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79–80 (2013) (collecting cases); *Citizens for Free Speech, LLC*, 953 F.3d at 657.

Second, the state proceedings are "ongoing" because Nevada initiated them before the federal case had "moved beyond an 'embryonic stage.'" *Owen*, 873

F.3d at 728 (first quoting *Hicks v. Miranda*, 422 U.S. 332, 349 (1975); and then quoting *Hoye v. City of Oakland*, 653 F.3d 835, 844 (9th Cir. 2011)); *see also San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092–94 (9th Cir. 2008) (holding that abstaining under *Younger* is proper where administrative proceeding is ongoing, irrespective of whether state-court review has been invoked). Nevada filed formal administrative complaints against the Individual Plaintiffs before the district court ruled on any discovery motions and before Plaintiffs had even filed their motion for a preliminary injunction. By the time the district court held a hearing on the motions for summary judgment and Nevada's renewed *Younger* abstention arguments, the State had already held hearings, entered findings, and ordered all the Individual Plaintiffs to pay fines. Indeed, in their supplemental briefing, the parties notified this court that the proceedings remain ongoing. Thus, this element of *Younger* abstention is also readily met here.

We are unpersuaded by Plaintiffs' claim that Nevada has abandoned its claim of abstention. While Nevada did not raise abstention in its answering brief on appeal or cross-appeal the district court's ruling on *Younger* abstention, it argued in favor of abstention when prompted at oral argument and in its supplemental briefing. Moreover, the State raised *Younger* abstention at the motion to dismiss and summary judgment stages of the litigation below. This

5

conduct does not amount to waiver.  *Compare, e.g.*, *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 625–26 (1986) (finding that the defendant did not waive its abstention claim where the defendant raised abstention in the district court and at oral argument on appeal), *with Ohio Bureau of Emp't Servs. v. Hodory*, 431 U.S. 471, 479–80 (1977) (declining to abstain where defendants did not raise *Younger* abstention on appeal and "resisted" the invitation to argue abstention when prompted during oral argument), *and Kleenwell Biohazard Waste & Gen. Ecology Consultants, Inc. v. Nelson*, 48 F.3d 391, 394 (9th Cir. 1995) (declining to abstain where the defendants did not raise the issue before the district court and the state administrative proceedings had been terminated).

We are also unpersuaded by Plaintiffs' remaining arguments that abstention is inappropriate because it will result in irreparable harm and that, even if *Younger* abstention applies, the court should adjudicate M&M's claims because only the Individual Plaintiffs are parties in the state court proceedings.  *See Vasquez*, 734 F.3d at 1035 (noting that *Younger* abstention applies to plaintiffs who are not parties in the state litigation if those plaintiffs' interests are "so intertwined with those of the state court party that . . . interference with the state court proceeding is inevitable" (quoting *Green v. City of Tucson*, 255 F.3d 1086, 1100 (9th Cir. 2001) (en banc), *overruled on other grounds by Gilbertson v. Albright*, 381 F.3d 965 (9th

6

Cir. 2004))); *City of San Jose*, 546 F.3d at 1096 (noting that where *Younger* elements are met, the court must abstain absent evidence of "bad faith, harassment, or an extraordinary circumstance," regardless of "the importance of the [constitutional] interest asserted by a federal plaintiff").

In sum, principles of comity and federalism caution against interfering with Nevada's ongoing state proceedings, which Plaintiffs seek to enjoin in this federal case and which implicate the same constitutional claim at issue here. Dismissal based on *Younger* abstention is therefore warranted, *see Gilbertson*, 381 F.3d at 981; *City of San Jose*, 546 F.3d at 1096, and we decline to address the merits.

**REVERSED, VACATED, and REMANDED with instructions to dismiss the case.** The parties shall bear their own costs.