**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CITIZENS FOR FREE SPEECH, LLC;
MICHAEL SHAW,
   *Plaintiffs-Appellants*,

v.

COUNTY OF ALAMEDA; EAST
COUNTY BOARD OF ZONING
ADJUSTMENTS; FRANK J. IMHOFF;
SCOTT BEYER; MATTHEW FORD,
   *Defendants-Appellees.*

Nos. 18-16805
19-15231

D.C. No.
4:18-cv-00834-
SBA

OPINION

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted February 6, 2020
San Francisco, California

Filed March 24, 2020

Before: Richard A. Paez and Carlos T. Bea, Circuit Judges,
and Lynn S. Adelman,[*] District Judge.

Opinion by Judge Adelman

---

[*] The Honorable Lynn S. Adelman, United States District Judge for
the Eastern District of Wisconsin, sitting by designation.

**SUMMARY**[**]

**Civil Rights**

The panel affirmed the district court's dismissal of an action brought pursuant to 42 U.S.C. § 1983 against Alameda County, its zoning board, and various local officials alleging constitutional violations arising from the County's enforcement of its billboard ordinance through an abatement proceeding, and award of attorney's fees and costs.

Plaintiff, Citizens for Free Speech, LLC entered into an agreement with Michael Shaw, the owner of a parcel of land in Alameda County, to display billboards expressing political messages. Determining that the billboards violated the local zoning scheme, County officials began an abatement proceeding against Citizens. In response, Citizens and Shaw filed suit pursuant to § 1983. The district court dismissed plaintiffs' action based on the abstention doctrine introduced in *Younger v. Harris*, 401 U.S. 37 (1971).

In affirming the dismissal, the panel determined that the County's abatement proceeding against Citizen was ongoing, constituted a quasi-criminal enforcement action, and implicated an important state interest, namely the County's strong interest in its land-use ordinances and in providing a uniform procedure for resolving zoning disputes. The abatement proceeding also allowed Citizens adequate opportunity to raise its federal challenges; under

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

California law, a litigant may seek judicial review of an adverse decision and, in doing so, may raise federal claims. Finally, the panel determined that plaintiffs' federal action could substantially delay the abatement proceeding, thus having the practical effect of enjoining it. And no exception to *Younger*, such as bad faith, harassment, or flagrant violation of express constitutional prohibitions by the state or local actor, were present.

The panel held that the district court's fee award was not an abuse of discretion. The panel held that plaintiffs' initiation of this action was wholly without merit. Additionally, the panel held that the County was the prevailing party because the district court's *Younger*-based dismissal eliminated the possibility that plaintiffs' federal lawsuit would halt or impede the County's abatement proceeding. Applying *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651 (2016), and *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 (9th Cir. 2017), the panel held that *Elwood v. Drescher*, 456 F.3d 943, 948 (9th Cir. 2006), which had previously established an outright bar of fee awards to defendants winning *Younger*-based dismissals, was no longer good law. The panel held that while a dismissal of a damages claim under *Younger* may not always materially alter the parties' legal relationship, it unquestionably did so here.

**COUNSEL**

Frank C. Gilmore (argued), Robison Sharp Sullivan & Brust, Reno, Nevada, for Plaintiffs-Appellants.

Matthew D. Zinn (argued), Winter King, and Aaron M. Stanton, Shute Mihaly & Weinberger LLP, San Francisco, California, for Defendants-Appellees.

**OPINION**

ADELMAN, District Judge:

Citizens for Free Speech, LLC ("Citizens") and Michael Shaw appeal orders from the district court (1) dismissing their 42 U.S.C. § 1983 complaint against Alameda County, its zoning board, and various local officials (collectively, "the County") based on the abstention doctrine introduced in *Younger v. Harris*, 401 U.S. 37 (1971); and (2) awarding the County $101,174.40 in fees and $1,259.60 in costs pursuant to 42 U.S.C. § 1988. We affirm. The district court's *Younger* analysis was correct, and the district court's fee award was not an abuse of discretion.

**I.**

In 2014, Citizens for Free Speech, LLC entered into an agreement with Michael Shaw, the owner of a parcel of land in Alameda County, to display billboards expressing political messages. Determining that the billboards violated the local zoning scheme, county officials began an abatement proceeding against Citizens, which provided for a hearing before the zoning board and process by which to appeal an adverse decision. In response, Citizens filed a federal lawsuit seeking to prevent abatement but failed to obtain a permanent injunction barring the County from enforcing its ordinances.

Litigation having concluded, the County initiated a new abatement proceeding. Citizens responded by filing another federal lawsuit alleging constitutional violations pursuant to 42 U.S.C. § 1983, seeking both equitable and monetary relief. The district court, invoking *Younger* abstention, dismissed the complaint and awarded the County costs and

fees, precipitating this appeal.[1]  We have jurisdiction under 28 U.S.C. § 1291.

## II.

We agree with the district court that all the elements required for *Younger* abstention are present.  *Younger* abstention applies to state civil proceedings when the proceeding: (1) is ongoing, (2) constitutes a quasi-criminal enforcement action, (3) implicates an important state interest, and (4) allows litigants to raise a federal challenge. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).  If these elements are met, we then consider whether the federal action would effectively enjoin the state proceedings.  *Id.*

The abatement proceeding was "ongoing" for *Younger* purposes.  *See Gilbertson v. Albright*, 381 F.3d 965, 969 n.4 (9th Cir. 2004).  The abatement proceeding also satisfied the "quasi-criminal enforcement" element.  As the Supreme Court has recognized, civil enforcement proceedings initiated by the state "to sanction the federal plaintiff . . . for some wrongful act," including investigations "often culminating in the filing of a formal complaint or charges," meet this requirement.  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79–80 (2013).  Nuisance abatement proceedings fall into this category.  *See*, *e.g.*, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975); *Herrera v. City of Palmdale*, 918 F.3d 1037, 1045 (9th Cir. 2019).  The County's abatement action included an investigation, alleged violations of nuisance ordinances, notice to appear

---

[1] Specifically, Citizens appeals the denial of a preliminary injunction, the dismissal of its Fourteenth Amendment due process claim pursuant to 42 U.S.C. § 1983, and the award of fees to the County.

before a zoning board, and the possibility of monetary fines and/or forcible removal of Citizens's billboards.

The abatement proceeding also implicated an important state interest, namely the County's "strong interest in its land-use ordinances and in providing a uniform procedure for resolving zoning disputes." *San Remo Hotel v. City & Cty. of San Francisco*, 145 F.3d 1095, 1104 (9th Cir. 1998); *see also World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987). The abatement proceeding also allowed Citizens adequate opportunity to raise its federal challenges; under California law, a litigant may seek judicial review of an adverse decision and, in doing so, may raise federal claims. *See* Cal. Code. Civ. P. § 1094.5; *see also Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 629 (1986).

Finally, the plaintiffs' federal action could substantially delay the abatement proceeding, thus having the practical effect of enjoining it. And no exception to *Younger*, such as bad faith, harassment, or flagrant violation of express constitutional prohibitions by the state or local actor, is present. *See Gilbertson*, 381 F.3d at 983. Citizens complains that the *sua sponte* nature of the district court's *Younger* analysis was both untimely and prejudicial, but we find this contention unpersuasive; the court may raise abstention of its own accord at any stage of the litigation. *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976).

### III.

The district court's fee award was not an abuse of discretion. A prevailing defendant in a § 1983 action is entitled to an award of attorney's fees under § 1988 only when the plaintiff's action is "frivolous, unreasonable, or without foundation." *Tutor-Saliba Corp. v. City of Hailey*,

452 F.3d 1055, 1060 (9th Cir. 2006) (internal quotations omitted); *see also Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 n.14 (9th Cir. 2017) (explaining that because fee-shifting statutes exist to deter frivolous litigation, awarding fees for frivolous actions almost always furthers the purpose of the statutory scheme).  Here, the district court described the plaintiff's action as "frivolous at the outset" in its fees order.  We agree.  Citizens's initiation of this action and its arguments were wholly without merit.  The action appears to be little more than an attempted end-run around the parties' previous three years of litigation that resolved Citizens's constitutional objections.

A court must also consider whether a party seeking fees has "prevailed" in the litigation.  *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604–05 (2001) (explaining that a prevailing party must obtain a judgment that creates a "material alteration in the legal relationship of the parties" to permit an award of attorneys' fees).  In *Elwood v. Drescher*, we held that the defendants were not "prevailing part[ies]" within the meaning of § 1988 and thus were not entitled to attorneys' fees where the basis for the district court's dismissal was *Younger* abstention.  456 F.3d 943, 948 (9th Cir. 2006).  We explained that because *Younger* abstention concerns the exercise of jurisdiction, such a dismissal "makes no comment on the merits of the case, and does not 'materially alter[] the legal relationship between the parties.'"  *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111, 113 (1992)).  However, in its recent decision in *CRST Van Expedited, Inc. v. E.E.O.C.*, the Supreme Court held that a defendant does not need to obtain a judgment on the merits in order to be a "prevailing party"

for fee purposes.  136 S. Ct. 1642, 1651 (2016).**[2]**  This is because a defendant "fulfill[s] its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision."  *Id*; s*ee also Amphastar*, 856 F.3d at 710 (finding defendants the "prevailing party" upon dismissal for lack of jurisdiction).**[3]**

This is precisely what the County did in the present case. The district court's *Younger*-based dismissal effected a material change in the parties' relationship because it eliminated the possibility that plaintiffs' federal lawsuit would halt or impede the County's abatement proceeding. We also do not see anything unique about *Younger* abstention that justifies deviating from the principles set forth in *CRST* and reflected in the outcome in *Amphastar*, which permitted a fee award to a defendant who won a jurisdiction-based dismissal.  856 F.3d at 710; *see also Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005) ("*Younger* abstention is essentially a jurisdictional doctrine.").  Taken together, these developments indicate that *Elwood*'s outright bar of fee awards to defendants winning *Younger*-based dismissals is no longer good law,

---

**[2]** *CRST* was a Title VII case, but the Court described § 1988 as "closely related" to the fee provisions in Title VII.  136 S. Ct. at 1651 (citing *Fox v. Vice*, 563 U.S. 826, 836 (2011)).

**[3]** In *Amphastar*, we recognized that *CRST* "effectively overruled" *Branson v. Nott*, 62 F.3d 287 (9th Cir. 1995), which held that "when a defendant wins because the action is dismissed for lack of subject matter jurisdiction[,] he is never a prevailing party."  856 F.3d at 710; *see also Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (recognizing that a three-judge panel may "take into account the possibility that our prior decision may have been undercut by higher authority to such an extent that it has been effectively overruled by such higher authority and hence is no longer binding on district judges and three-judge panels of this court.").

and we conclude that the County is entitled to fees under § 1988.

This is not to say that a Younger-based dismissal will always materially alter the legal relationship between the parties.  When a party seeks federal equitable relief, *Younger* abstention alters the parties' relationship because it bars the plaintiff from seeking such relief.  *Gilbertson v. Albright*, 381 F.3d 965, 980 (9th Cir. 2004).  The material alteration is the abstention itself.  As to claims for damages, when a claim is stayed under *Younger* pending resolution of a state-law claim, the parties' legal relationship is probably not altered because the plaintiff can return to the federal forum after completion of the parallel proceedings.  The same would appear to be true of a claim that is dismissed without prejudice under *Younger*.  However, where a damages claim is dismissed under *Younger* for being frivolous, the dismissal will likely materially alter the legal relationship between the parties.  *Id.* at 982 n.18.

In the present case, in dismissing plaintiff's damages claim, the district court did not explicitly state that the claim was frivolous, but it did so in the separate fees order stating that the claim was "frivolous," "unreasonable," without "substantive merit," and "meritless."  And in the dismissal order, the Court stated that there was "no merit" to plaintiff's claim that claim preclusion barred the county from endorsing its zoning ordinance against plaintiff, characterized some of plaintiff's citations as "irrelevant," and noted plaintiff's failure to provide "any authority" in support of its key argument.  Thus, while a dismissal of a damages claim under

*Younger* may not always materially alter the parties' legal relationship it unquestionably did so here.**[4]**

## IV.

**AFFIRMED.**

---

**[4]** Citizens also complains that the district court's award was excessive. But Citizens has not shown with adequate specificity that the hours billed were unreasonable. *See*, *e.g.*, *McGrath v. Cty. of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995) ("The [losing party] may not rely on conclusory challenges" to evidence as to claimed hours).