NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CITIZENS FOR FREE SPEECH, LLC;
MICHAEL SHAW,

No.     19-17448

D.C. No.
4:19-cv-01026-SBA

                    Plaintiffs-Appellants,

   v.

MEMORANDUM*

COUNTY OF ALAMEDA,

                    Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted November 16, 2020
San Francisco, California

Before:  NGUYEN, HURWITZ, and BRESS, Circuit Judges.

       This is the third suit by Citizens for Free Speech and Michael Shaw

(collectively, "Plaintiffs") challenging the County of Alameda's efforts to abate

billboards that Plaintiffs erected on Shaw's property in violation of Title 17 of the

County's General Ordinance Code ("Zoning Ordinance").  The district court granted

       *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the County's motion to dismiss Plaintiffs' First Amendment free speech and Fourteenth Amendment due process claims without leave to amend and declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      The First Amendment claims are barred by claim preclusion. Identical claims were litigated in *Citizens for Free Speech, LLC v. County of Alameda* ("*Citizens I*"), No. 3:14-cv-02513-CRB (N.D. Cal. 2017), which resulted in a final judgment on the merits. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Plaintiffs' argument that preclusion does not apply because the County had not yet initiated nuisance abatement procedures under the Zoning Ordinance when *Citizens I* was decided is unavailing. The nuisance abatement procedures are predicated on the same Zoning Ordinance provisions challenged in the prior action. Plaintiffs' claims therefore "were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (cleaned up).

2.      Plaintiffs failed to respond to the County's contentions concerning the due process claims in the County's motion to dismiss, thereby abandoning those claims. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010). In any event, the Fourteenth Amendment due process claims fail on the merits. Plaintiffs have not identified "a denial of adequate procedural protections"

2

at the abatement hearing before the Board of Zoning Adjustments or the appeals hearing before the Board of Supervisors. *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). And, because Plaintiffs do not dispute that the signs are illegal under the Zoning Ordinance, it is also unclear how additional hearing procedures would have mitigated "the risk of an erroneous deprivation." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Plaintiffs' Federal Rule of Civil Procedure 13(a) due process theory—which would require the County to pursue nuisance abatement proceedings in federal court once a constitutional challenge is raised—is unsupported by any authority and was impliedly rejected by this Court in *Citizens for Free Speech, LLC v. County of Alameda* ("*Citizens II*"), 953 F.3d 655, 657-58 (9th Cir. 2020), which affirmed the dismissal of Plaintiffs' second suit against the County under *Younger v. Harris*, 401 U.S. 37 (1971), because it improperly sought to enjoin ongoing state administrative proceedings.

3. Because the district court dismissed all federal claims, it did not abuse its discretion in declining to assert supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

4. The district court did not abuse its discretion in denying leave to amend given the legal deficiencies in Plaintiffs' federal claims. *See Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991).

**AFFIRMED.**[1]

---

[1] The County's motion to take judicial notice, Dkt. 14, is **GRANTED**.