**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY GARMONG, | No. 22-15869 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:17-cv-00444-RCJ-WGC |
| TAHOE REGIONAL PLANNING AGENCY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted October 6, 2023[**]
Las Vegas, Nevada

Before:  RAWLINSON and OWENS, Circuit Judges, and PREGERSON,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

Gregory Garmong filed this action to challenge the issuance of a permit by the Tahoe Regional Planning Agency (TRPA) for a cell phone tower. The district court dismissed Garmong's initial complaint and first amended complaint for lack of standing. We reversed and remanded. *See Garmong v. Tahoe Reg'l Plan'g Agency*, 806 F. App'x 568, 571–72 (9th Cir. 2020). On remand, the district court dismissed Garmong's amended complaint with prejudice for failure to state a claim. After we affirmed the dismissal, *see Garmong v. Tahoe Reg'l Plan'g Agency*, 2022 WL 16707187 (9th Cir. Nov. 4, 2022), the district court awarded attorney's fees to Appellees under 42 U.S.C. § 1988(b). Garmong appeals the district court's fee award. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

"We review a district court's award of attorney's fees under 42 U.S.C. § 1988 for an abuse of discretion, while any element of legal analysis which figures in the district court's decision is reviewed *de novo*. . . ." *Buffin v. California*, 23 F.4th 951, 958–59 (9th Cir. 2022) (citations, alteration, and internal quotation marks omitted).

1.      The district court did not abuse its discretion in deciding that Garmong's claims were frivolous. *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006) (reviewing the frivolousness determination for an

abuse of discretion).  Contrary to Garmong's assertion, the district court's fee order and dismissal order are consistent.  In both orders, the district court indicated that Garmong's claims "lacked [a] reasonable basis in law or fact."  Although the dismissal order specified that "[Garmong's] constitutional claims" were frivolous, that statement was made in the context of the unavailability of fees under the Nevada Anti-SLAPP statutes.  Elsewhere, the district court characterized all of Garmong's claims as frivolous.

"An action becomes frivolous when the result appears obvious or the arguments are wholly without merit. . . ."  *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007), *as amended* (citations omitted); *see also Garmong*, 2022 WL 16707187, at *1–2 (discussing the lack of merit for Garmong's claims).

Garmong's assertion that the district court did not adequately address the frivolousness of each claim is foreclosed by *Citizens for Free Speech, LLC v. County of Alameda*, 953 F.3d 655, 658–59 (9th Cir. 2020) (explaining that "the district court describ[ing] the plaintiff's action as 'frivolous at the outset' in its fees order" and characterizing the action as without merit in the dismissal order was sufficient).  *Id.*  As the district court explained, Garmong has a history of asserting frivolous claims.  *See In re Becraft*, 885 F.2d 547, 549–50 (9th Cir. 1989) (factoring a party's litigation history into the analysis).  Garmong was notified of

3

the defects in his complaint and failed to remedy them. *See Garmong*, 2022 WL 16707187, at *1.

2. The district court did not abuse its discretion in awarding fees for all claims. Any error caused by the district court's application of *Tutor-Saliba* was harmless because our precedent supports the district court's decision. *See Cabrales v. Cnty. of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991) ("If a plaintiff ultimately wins on a particular claim, she is entitled to all attorney's fees reasonably expended in pursing that claim. . . ."). And because the district court held that all of Garmong's claims were frivolous, Garmong's reliance on *Fox v. Vice*, 563 U.S. 826, 834–35 (2011) (addressing a complaint containing both frivolous and non-frivolous claims), is misplaced.

3. Garmong's contention that the district court admitted "heavily redacted" fees is forfeited. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1213 (9th Cir. 2020) ("[W]e generally will not consider arguments raised for the first time on appeal. . . .") (citation omitted). In any event, the redactions did not prevent the court from ascertaining the nature of the legal work performed. Garmong's arguments raised for the first time in his reply brief are also forfeited because Appellees had no opportunity to respond. *See Autotel v. Nevada Bell Telephone Co.*, 697 F.3d 846, 852 n. 3 (9th Cir. 2012).

**AFFIRMED.**