NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AUGUST JEREMY HOENACK,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>LITCHFIELD ELEMENTARY SCHOOL DISTRICT NO. 79, a political subdivision of the State of) Arizona; JOANNE M. GUNNING; JENNIFER N. MACLENNAN Esquire, Attorney; KIMBERLY A. MORAN; DANIELLE E. CLYMER; MELISSA A. ZUIDEMA; UNKNOWN PARTIES, John Does I-X; Jane Does 1-X; White Corporations, I-X; Black Partnerships, 1-X; Gray Limited Liability Companies, 1-X; and Yellow Trusts, 1-X,<br><br>Defendants - Appellees. | No. 24-6765<br><br>D.C. No. 2:22-cv-01903-JJT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted June 22, 2026**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CANBY, BENNETT, and BADE, Circuit Judges.

August Jeremy Hoenack appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging First Amendment and state law claims arising from his membership on the board of Litchfield Elementary School District No. 79 ("the District"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Hoenack failed to raise a genuine dispute of material fact as to whether the District violated his First Amendment rights or state law. *See White v. City of Norwalk*, 900 F.2d 1421, 1425-26 (9th Cir. 1990) (holding that a local governmental body does not violate the First Amendment when, during a meeting, it restricts speech that is off-topic or that disrupts, disturbs, or otherwise impedes the orderly conduct of the meeting); *Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 785-88 (Ariz. 1989) (discussing requirements of claims for defamation, false light invasion of privacy, and intentional infliction of emotional distress under Arizona common law); *see also* Ariz. Rev. Stat. Ann. §§ 38-431.01-431.03 (requiring public bodies to have open meetings and provide public notice of meetings, and allowing public bodies to hold executive sessions in certain circumstances).

The district court did not abuse its discretion by denying Hoenack's motion for reconsideration because Hoenack failed to establish grounds for relief. *See Sch.*

2                                                                24-6765

*Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 60(b)).

The district court did not abuse its discretion by granting in part the District's motion for attorney's fees. *See* 42 U.S.C. § 1988(b) (permitting an award of reasonable attorney's fees to the prevailing party in a § 1983 action); Ariz. Rev. Stat. Ann. § 12-349(A)(1) (requiring an award of attorney's fees against a party who "[b]rings . . . a claim without substantial justification"); *Citizens for Free Speech, LLC v. County of Alameda*, 953 F.3d 655, 658 (9th Cir. 2020) (setting forth standard of review and explaining circumstances under which a prevailing defendant is entitled to attorney's fees).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Hoenack's and the District's motions to transmit physical video evidence (Docket Entry Nos. 13 and 21) are granted. The District's request for leave to file an application for attorney's fees, set forth in its answering brief, is denied without prejudice. *See* Fed. R. App. P. 38 (requiring a separate motion for fees and costs).

**AFFIRMED.**